J-S34025-20
J-S34026-20
J-S34027-20
J-S34028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: R.R.S., III, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.R.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 523 MDA 2020 |

Appeal from the Order Entered February 27, 2020
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-DP-0000271-2018

| | | |
|---|---|---|
| IN THE INT. OF: I.M.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.R.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 524 MDA 2020 |

Appeal from the Order Entered February 27, 2020
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-DP-0000272-2018

| | | |
|---|---|---|
| IN THE INT. OF: D.E.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.R.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 525 MDA 2020 |

J-S34025-20
J-S34026-20
J-S34027-20
J-S34028-20

Appeal from the Order Entered February 27, 2020
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-DP-0000273-2018

| | | |
|---|---|---|
| IN THE INT. OF: D.E.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.R.S., JR., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 526 MDA 2020 |

Appeal from the Order Entered February 27, 2020
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-DP-0000273-2018

| | | |
|---|---|---|
| IN THE INT. OF: R.R.S., III, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: R.R.S., JR., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 527 MDA 2020 |

Appeal from the Order Entered February 27, 2020
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-DP-0000271-2018

| | | |
|---|---|---|
| IN THE INT.OF: I.M.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.R.S., JR., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 528 MDA 2020 |

- 2 -

J-S34025-20
J-S34026-20
J-S34027-20
J-S34028-20

Appeal from the Order Entered February 27, 2020
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-DP-0000272-2018

| | | |
|---|---|---|
| IN THE INT. OF: D.E.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.R.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 572 MDA 2020 |

Appeal from the Decree Entered February 27, 2020
In the Court of Common Pleas of York County Orphans' Court at No(s):
2019-0167a

| | | |
|---|---|---|
| IN THE INT. OF: I.M.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.R.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 574 MDA 2020 |

Appeal from the Decree Entered February 27, 2020
In the Court of Common Pleas of York County Orphans' Court at No(s):
2019-0168a

| | | |
|---|---|---|
| IN THE INT. OF: R.R.S., III, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.R.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 576 MDA 2020 |

J-S34025-20
J-S34026-20
J-S34027-20
J-S34028-20


Appeal from the Decree Entered February 27, 2020
In the Court of Common Pleas of York County Orphans' Court at No(s):
2019-0169a


IN THE INT. OF: D.E.S., A MINOR    :    IN THE SUPERIOR COURT OF
                                   :        PENNSYLVANIA
                                   :
APPEAL OF: R.R.S., JR., FATHER     :
                                   :
                                   :
                                   :
                                   :
                                   :
                                   :    No. 573 MDA 2020


Appeal from the Decree Entered February 27, 2020
In the Court of Common Pleas of York County Orphans' Court at No(s):
2019-0167A


IN THE INT. OF: I.M.S., A MINOR    :    IN THE SUPERIOR COURT OF
                                   :        PENNSYLVANIA
                                   :
APPEAL OF: R.R.S., JR., FATHER     :
                                   :
                                   :
                                   :
                                   :
                                   :    No. 575 MDA 2020


Appeal from the Decree Entered February 27, 2020
In the Court of Common Pleas of York County Orphans' Court at No(s):
2019-0168A


IN THE INT. OF: R.R.S., III, A     :    IN THE SUPERIOR COURT OF
MINOR                              :        PENNSYLVANIA
                                   :
                                   :
APPEAL OF: R.R.S., JR., FATHER     :
                                   :
                                   :
                                   :
                                   :    No. 577 MDA 2020


- 4 -

J-S34025-20
J-S34026-20
J-S34027-20
J-S34028-20

Appeal from the Decree Entered February 27, 2020
In the Court of Common Pleas of York County Orphans' Court at No(s):
2019-0169A

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:              **FILED SEPTEMBER 09, 2020**

C.R.S. (Mother) and R.R.S., Jr. (Father), separately appeal from the orders and decrees, dated February 26, 2019, and entered on February 27, 2019, by the Court of Common Pleas of York County that granted the petitions filed by the York County Office of Children, Youth and Families (Agency) to involuntarily terminate the parties' parental rights and to change the permanency goals from reunification to adoption for R.R.S., III (born in September of 2008), I.M.S. (born in June of 2011), and D.E.S. (born in August of 2013) (collectively Children).[1]  After review, we affirm.

In Mother's appeal from the goal change orders, she raises one issue: "Whether the trial court erred in finding that the [Agency] had proved by clear and convincing evidence that it was in the Children's best interest to change the goal in the dependency action."  Mother's Goal Change Brief, at 4.  In Mother's appeal from the termination decrees, she raises five issues.  They are:

---

[1] This Court is now consolidating both Mother's and Father's appeals *sua sponte* in that they involve related parties and issues.  **See** Pa.R.A.P. 513.

- 5 -

I.      Whether the trial court erred in finding that the [Agency] had proved by clear and convincing evidence that the parental rights of [Mother] should be terminated pursuant to 23 Pa.C.S.[] [§] 2511(a)(1)[?]

II.     Whether the trial court erred in finding that the [Agency] had proved by clear and convincing evidence that the parental rights of the [Mother] should be terminated pursuant to 23 Pa.C.S.[] [§] 2511(a)(8)[?]

III.    Whether the trial court erred in finding that the [Agency] had proved by clear and convincing evidence that the parental rights of [Mother] should be terminated pursuant to 23 Pa.C.S.[] [§] 2511(a)(2)[?]

IV.     Whether the trial court erred in finding that the [Agency] had proved by clear and convincing evidence that the parental rights of [Mother] should be terminated pursuant to 23 Pa.C.S.[] [§] 2511(a)(5)[?]

V.      Whether the trial court erred in finding that the [Agency] had proved by clear and convincing evidence that the parental rights of [Mother] should be terminated pursuant to 23 Pa.C.S.[] [§] 2511(b)[?]

Mother's Termination Brief, at 4-5.

Likewise, Father appeals from both the orders changing the goals for Children and from the decrees terminating his parental rights to Children. His briefs consolidate the issues he raises, resulting in the following listing of his issues in both of his briefs. The issues are:

I.      Whether the trial court erred in terminating the parental rights of Father pursuant to sections 2511(a)(1), (2), (5) and (8) of the Adoption Act?

II.     Whether the trial court erred in concluding that termination of parental rights would best serve the needs and welfare of

- 6 -

> the Child[ren] pursuant to section 2511(b) of the Adoption Act?
>
> III. Whether the trial court erred in concluding Father failed to meet many of the goals and terminating his parental rights?
>
> IV. Whether the trial court erred in changing the goal from reunification to adoption?
>
> V. Whether the trial court erred in permitting the opinion testimony of the caseworker on the issue of parental bond … between Father and the Child[ren] where the caseworker was not qualified as an expert or prepared a report and such testimony is outside the scope of "lay witness opinion" testimony?

Father's Termination and Goal Change Briefs, at 5.

We begin by setting forth this Court's standard of review involving a goal change for a dependent child:

> In cases involving a court's order changing the placement goal … to adoption, our standard of review is abuse of discretion. *In re N.C.*, 909 A.2d 818, 822 (Pa. Super. 2006). To hold that the trial court abused its discretion, we must determine its judgment was "manifestly unreasonable," that the court disregarded the law, or that its action was "a result of partiality, prejudice, bias or ill will." *Id.* (quoting *In re G.P.-R.*, 851 A.2d 967, 973 (Pa. Super. 2004)). While this Court is bound by the facts determined in the trial court, we are not tied to the court's inferences, deductions and conclusions; we have a "responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record." *In re A.K.*, 906 A.2d 596, 599 (Pa. Super. 2006). Therefore, our scope of review is broad. *Id.*

*In re S.B.*, 943 A.2d 973, 977 (Pa. Super. 2008).

Likewise, we note when we review a decree terminating parental rights, we do so in accordance with the following standard:

When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

*In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009) (quoting *In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005)). Moreover, we have explained that:

The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

*Id.* (quoting *In re J.L.C. & J.R.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)). The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004). If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result. *In re Adoption of T.B.B.*, 835 A.2d 387, 394 (Pa. Super. 2003).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the comprehensive, 35-page Adjudication authored by the Honorable Todd R. Platts of the Court of Common Pleas of York County, filed

on February 27, 2020.[2]   We conclude that Judge Platts' well-reasoned Adjudication properly disposes of the issues raised by both Mother and Father, but we add a comment in response to Father's contention relating to the caseworker's testimony about the bond between him and Children, which we address *infra*.   Accordingly, we adopt Judge Platts' opinion as our own and employ his discussion as the basis for affirming the termination decrees and the goal change orders from which these appeals arose.

As for the bonding issue raised by Father, the trial court stated in the portion of its Adjudication relating to the goal change orders that

> Merla Speir, the Agency caseworker assigned to the family since May of 2019, testified as to the bond between each parent and the minor [C]hildren and stated her determination that there is an unhealthy bond between them all.  She stated that each child has expressed fear of Mother and Father, with I.M.S. and D.E.S. saying that they feel safer in their foster homes.

Trial Court Adjudication (TCA), 2/27/2020, at 18.   Additionally, in its discussion relating to 23 Pa.C.S. § 2511(b), directed at the termination of parental rights, the court stated:

> This Court has carefully considered the testimony and evidence presented and finds that no positive, healthy bond exists between the minor [C]hildren and Mother or Father, and further

---

[2] Following notice that Mother and Father filed appeals from the goal change orders and the decrees terminating their parental rights to Children, the trial court issued statements as directed by Pa.R.A.P. 1925(a)(2)(ii), explaining that the basis for its orders and decrees were contained in its Adjudication, entered on February 27, 2020.

finds that termination would not destroy an existing beneficial relationship.

While [C]hildren have expressed affection for parents and a desire to return home at times, this evidence is not dispositive to a Section 2511(b) analysis:

> If a child's feelings were the dispositive factor in the bonding analysis, the analysis would be reduced to an exercise in semantics as it is the rare child who, after being subject to neglect and abuse, is able to sift through the emotional wreckage and completely disavow a parent.

*In re K.K.R. S.*, 958 A.2d 529[, 535] (Pa. Super. 2008).

The testimony of the Agency caseworker was clear that the minor children have an unhealthy bond with each parent, and each child has expressed fear of the parents and the possibility of returning home. This is due in large part to trauma they have suffered as a result of exposure to domestic violence between the parents and the inability of parents to control their anger. The [c]ourt notes the letter to the caseworker from the therapist of R.R.S., III, Dr. Nikita J. Eiker, dated December 5, 2019, which states in part:

> [R.] has experienced significant exposure to traumatic situations and visitations with members of his family of origin results in trauma reactivation leading to challenging behaviors and violence and should be avoided until complete resolution of the trauma symptoms.

The [c]ourt further notes that each minor child is currently in a separate foster home where they are doing well and able to receive the individual attention that they require. Each child has expressed happiness with their current foster resource. The testimony clearly established that the trauma and behavioral issues that each child suffers would return and increase should they be reunited with parents at any time in the foreseeable future.

- 10 -

*Id.* at 32-33.

Specifically, Father contends that the caseworker testified at the hearing that she believed that the bond between Father and Children was "unhealthy." Although Father acknowledges that the Agency is permitted to present evidence relating to a bond, or a lack thereof, he asserts expert testimony was required and that it was improper for the trial court to allow a lay person to offer opinion testimony that is based on scientific, technical or other specialized knowledge. Essentially, Father is claiming that the caseworker's bonding testimony was not based on her own perceptions, but needed to be based on specialized "knowledge, skill, experience, training or education" that only a qualified expert would have. *See* Father's Briefs, at 37. Father's point is that "it would overstep the limitations of a lay witness to go beyond and render an opinion regarding the bond." *Id.* at 40.

Father cites *In re Z.P.*, 994 A.2d 1108 (Pa. Super. 2010), and *In re A.R.M.F.*, 837 A.2d 1231 (Pa. Super. 2003), indicating that these cases support his position. We disagree. In fact, the *In re Z.P.* opinion provides the following:

> When conducting a bonding analysis, the court is not required to use expert testimony. *In re K.K.R.-S.*, 958 A.2d 529, 533 (Pa. Super. 2008) (citing *In re I.A.C.*, 897 A.2d 1200, 1208-09 (Pa. Super. 2006)). Social workers and caseworkers can offer evaluations as well. *See In re A.R.M.F.*, 837 A.2d 1231 (Pa. Super. 2003) (holding court properly terminated parental rights where decision was based in part on social worker's and caseworker's testimony that children did not share significant

- 11 -

bond with biological parents and were well bonded with their foster parents).  Additionally, Section 2511(b) does not require a formal bonding evaluation.  ***In re K.K.R.-S., supra.***

***In re Z.P.***, 994 A.2d at 1121.  Thus, we conclude that the trial court had not committed an error in allowing the caseworker to testify about Children's bonds with their parents.

Accordingly, we affirm the orders changing Children's goals to adoption. We also affirm the decrees terminating Mother's and Father's parental rights to Children.

Orders affirmed.  Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/09/2020

- 12 -